# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MITCHELL ADAMS, | § | |
| | § | |
| VS. | § | NO. A-18-CV-987-LY |
| | § | |
| POWELL ENTERPRIZES, LLP, et al. | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel Depositions (Dkt No. 9); Defendants' Response (Dkt. No. 11); and Plaintiffs' Reply (Dkt. No. 12).

## I. Background

This is a personal injury truck-motorcycle accident case removed to federal court based on diversity. Plaintiff Mitchell Adams alleges that Defendant Katlin Powell, while driving an eighteen wheeler owned by Defendant Powell Enterprizes, LLP, made an unsafe lane change, striking Adams' motorcycle and causing him to crash. The crash occurred in Austin, Texas. Adams resides in Travis County, Texas. Powell resides in DeRidder, Louisiana. Powell Enterprizes, LLP's place of business is in DeRidder, Louisiana.

Plaintiff moves to compel the depositions of Defendant Katlin Powell and Rod Powell, the owner of Defendant Powell Enterprizes, LLP. Plaintiff Adams asserts that he has by agreement scheduled and noticed the depositions of Defendants twice and in each instance, Defendants have cancelled at the last minute. Defendants respond that the first agreement to take Defendants' depositions was contingent upon Defendants taking Adams' deposition. Defendants maintain they have not taken Adams' deposition because they are still waiting for the receipt of Adams' medical and mental health records, without which they state they cannot proceed with the deposition.

With regard to the second instance, Defendants assert that the Powells incorrectly believed the deposition was to take place in Houston, which is three hours closer to their home in Louisiana. Upon finding out the deposition was scheduled for Austin, Rod Powell informed counsel that day that he would be unable to make a twelve hour round trip drive to Austin on that date because he had work and family conflicts. Katlin Powell allegedly had similar conflicts. Defendants assert that Defendants' location in DeRidder, Louisiana, 329 miles from the proposed deposition site in Austin, is a "major obstacle." Dkt. No. 11 at 3. Defendants argue that DeRidder, Louisiana does not have an airport with regular flights to Austin, and therefore they must drive, requiring them to "spend considerable time traveling to appear, and they are unable to operate their business or work as a result." *Id.* Additionally, citing Rule 30(b)(6), Rod Powell argues that as an agent or officer of Defendant Powell Enterprizes, LLP, his deposition should be taken at its principal place of business in DeRidder, Louisiana. Defendants request that they be deposed in Houston, Texas, or DeRidder, Louisiana, asserting this would give them more flexibility as to dates.

Adams responds that Defendants' arguments are without merit. First, Adams asserts that Defendants are not justified for their failure to appear based on the desire to take Adams' deposition simultaneously. Adams also notes that Defendants' counsel has not noticed Adams' deposition. Second, Adams asserts that Defendants cannot fail to appear for properly noticed depositions merely because they deem the location burdensome. Adams asserts that his counsel has offered to take the depositions in locations other than Austin, and requested counsel's input as to where to notice the depositions. In fact, in both of the instances in which the depositions were noticed, Defendants' counsel had agreed to the date and location, yet Defendants did not file a motion for a protective order but instead merely failed to show up with minimal warning. Adams asserts that his expert

2

reports were due April 5, 2019, and he needs Defendants' depositions to determine what expert testimony might be required in the case and have time to prepare reports.[1] Adams request that the Court require Defendants to provide dates and appear for deposition at his counsel's office within 10 days of the date of the Court's order, and that Adams' expert disclosure date be extended by 45 days from the date the deposition are completed.

## II. Analysis

When parties to a case cannot agree on matters such as those presented here, the only recourse the Court has is to apply and enforce the specific directives of the Federal Rules. The rules provide that a party seeking another party's deposition may notice the deposition, and, if the deponent fails to appear, file a motion under Federal Rule of Civil Procedure 37(d)(1)(A). *See generally Robinson v. Dallas Cty. Cmty. Coll. Dist.*, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016). Rule 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i).

With regard to the location of the deposition, Rule 45 provides that a subpoena may command attendance at a "trial, hearing, or deposition" anywhere "within 100 miles from where that person resides, is employed, or regularly transacts business in person," or "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45 (c)(1)(A), (c)(1)(B). Thus, a party may be compelled to attend a deposition in a

---

[1]This is not quite accurate, as no scheduling order has been be entered in this case, rather the parties have only made proposals for a schedule.

state where he does not reside if he is employed in that state or regularly transacts business in person in that state.

The Defendants' argument that they will not submit to depositions unless they first take or arrange Adams' deposition is without merit. The rules contain no such requirement, nor do they permit such a demand. Moreover, Defendants have apparently failed to notice Adams' deposition, and the explanation that they have not done so because they have not received discovery from Adams lacks merit given that Defendants have not filed any motion seeking to compel that discovery. Regardless, any failure by Adams to meet his discovery obligations is irrelevant, as that is not a valid basis on which a party may refuse to respond to a deposition notice.

Finally, because the depositions are of parties, the Court has little sympathy with the argument that depositions in Austin are too inconvenient and will take Defendants away from their work. While they are employed as truck drivers, nothing requires the parties to drive to these depositions. And while DeRidder, Louisiana, may not have a large commercial airport, it is less than one hour's drive from Lake Charles, Louisiana, which does have an airport with regular flights to Austin. Plaintiff's counsel has been amenable to holding these depositions outside of Austin, and Defendants have not raised the issue of the convenience of the location until the last minute. This smacks of mere uncooperativeness and not a legitimate reason for canceling the depositions. Unfortunately, being named as a party in litigation often requires missing work and other inconveniences, which must take a back seat to the obligations imposed on a party to a lawsuit by the Federal Rules of Civil Procedure.

## III. Order

Accordingly, Plaintiff's Motion to Compel Depositions (Dkt No. 9) is **GRANTED**. Defendant Katlin Powell and Defendant Rod Powell are **ORDERED** to appear for deposition within 21 days of the date of this order, or any other date that is agreed upon by all parties. To be clear, absent another agreement, the Powells must submit to depositions no later than 21 days from the date of this order. The depositions shall take place in Austin. It is **FURTHER ORDERED** that the parties confer and agree on a date for the depositions. Finally, because no scheduling order has been entered in this case, the Court need not amend any deadlines, and the parties may address those issues with Judge Pitman at the initial pretrial conference.

SIGNED this 16th day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE